**IN THE COURT OF APPEALS OF IOWA**

No. 20-1028
Filed October 7, 2020

**IN THE INTEREST OF K.M.,**
**Minor Child,**

**K.G., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights to her son. **AFFIRMED.**

Robb D. Goedicke of Neighborhood Law Group of Iowa, P.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals from a juvenile court order terminating parental rights to her son, K.M. She contends the State failed to prove grounds for termination by clear and convincing evidence. The mother also argues termination is not in K.M.'s best interest and the provisions of Iowa Code section 232.116(3) (2020) should be applied to avoid termination of her parental rights. On our independent review of the record, we affirm the termination of the mother's parental rights.

## I.      BACKGROUND FACTS AND PROCEEDINGS.

K.M. is a male child, born in 2016. The Iowa Department of Human Services (DHS) has been involved with K.M. for his entire life, a period of four years. In addition to DHS involvement, K.M.'s young life has been marked by four separate removals from parental custody due to his mother's drug use.

K.M. initially came to the attention of DHS when he tested positive for THC at birth. This resulted in a founded child abuse report against the mother for the presence of illegal drugs in a child. In 2017, K.M. tested positive for cocaine and cannabinoids at the University of Iowa Hospital where he was being treated for burns. A second founded child abuse assessment was completed, again naming the mother as the perpetrator of abuse due to the presence of illegal drugs in a child. K.M. was removed from parental care on March 23, 2017, and was placed with a maternal aunt. Approximately a month later, he was moved to his paternal grandmother's home. K.M. was adjudicated to be a child in need of assistance (CINA) on April 24, 2017, with custody remaining with DHS for relative placement. Following a dispositional hearing, custody was placed with K.M.'s paternal

grandmother. After the mother's participation in substance-abuse treatment, K.M. was returned to his mother's custody on November 28, 2017.

Less than one year later, on August 21, 2018, K.M. was again removed from his mother's custody due to her relapse on methamphetamine. He was returned to his mother's custody on February 28, 2019. However, the mother's positive test for THC resulted in a third removal on July 18, 2019. K.M. was again placed with his paternal grandmother. He was returned to his mother's custody one week later, on July 25, 2019. K.M.'s mother tested positive for methamphetamine and cocaine, and K.M. was removed from parental custody for the fourth time on August 9, 2019. Since this fourth removal, he has remained in his paternal grandmother's custody.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (*l*) on July 24, 2020.[1] The court also found termination was in K.M.'s best interest and none of the permissive exceptions to termination of parental rights found in Iowa Code section 232.116(3) should prevent termination.

## II. STANDARD OF REVIEW.

We review terminations of parental rights de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). We give weight to the juvenile court's fact findings, although they are not binding. *Id.* This is especially true with regard to witness credibility. *Id.*

---

[1]At the time of the termination hearing, K.M.'s father was incarcerated. His parental rights were also terminated. He is not a party to this appeal.

### III. ANALYSIS.

Iowa courts follow a three-step analysis in considering whether to terminate parental rights. *See In re P.L.*, 778 N.W.2d 37, 39 (Iowa 2010). We must first determine whether clear and convincing evidence supports the statutory grounds for termination. *Id.* We then consider whether termination is in the child's best interest under section 232.116(2). *Id.* Finally, we determine whether to apply one of the statutory exceptions to termination set forth in section 232.116(3). *Id.* We address each of the mother's arguments in turn.

#### A. Statutory Grounds for Termination.

As to the first step, the mother states in a heading for a section of her brief the trial court erred when it found sufficient grounds to terminate under Iowa Code section 232.116(1)(b), (c), and (*l*).[2] She does not, however, challenge any of the statutory grounds of Iowa Code section 232.116(1)(b), (c), and (*l*) in her argument.[3] Rather, she argues this court should remand the case for hearing, as she was not provided notice of the termination proceedings. Due to such argument, we address only the issue of notice of the termination hearing, finding that any argument on the statutory grounds relied on by the juvenile court has been waived. The mother's failure to make a specific argument waives error. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("We have long recognized an appellant must

---

[2] One section of the mother's brief indicates her rights were terminated pursuant to Iowa Code section 232.116(1)(f), a statutory ground not relied on by the juvenile court. In another section of the brief, the mother refers to correct statutory grounds relied on by the juvenile court, set forth in Iowa Code section 232.116(1)(b), (e), and (*l*).

[3] To the extent the mother's brief argues her parental rights should not have been terminated pursuant to Iowa Code section 232.116(1)(f), as the juvenile court did not rely on this section as a ground for termination, we need not address the same.

identify alleged error on appeal. . . . A broad, all encompassing argument is insufficient to identify error in cases of de novo review."). Accordingly, we affirm the statutory grounds relied on by the district court.

### B. Notice of the Termination Hearing.

The petition for termination was filed January 10, 2020. A return of service on the mother was filed on January 16, 2020. The petition was later amended. For the first time on appeal, the mother asserts she did not receive notice of the termination hearing.[4] While the mother did not appear at the hearing, she was personally served with notice and represented by counsel, who appeared at the hearing. We reject the mother's argument concerning lack of notice.

### C. Best Interest.

The mother also contends termination is not in K.M.'s best interest. In making the best-interest determination, we "'give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *P.L.*, 778 N.W.2d at 39 (quoting Iowa Code § 232.116(2)).

The mother argues termination is not in K.M.'s best interest "because she loves her child." Apart from that assertion, she does not point to any supporting facts for her argument in the transcript.

---

[4] After the mother received notice of the termination petition and hearing as originally scheduled, she became less cooperative with service workers, she complicated communication efforts, and missed multiple visitations. That pattern of conduct continued throughout the course of several continuances of the termination hearing, some of which were occasioned by administrative orders relating to the COVID-19 outbreak. The record clearly established her knowledge of the pending proceedings, her behavioral reactions based on that knowledge, and her attorney appeared for all proceedings on her behalf.

We do not doubt the mother's love for K.M. However, the mother failed to be involved in K.M.'s life in any meaningful fashion in the months leading up to termination. The mother has a history of substance-abuse usage with brief periods of sobriety. At the time of the termination hearing, the mother was not engaged in substance-abuse treatment. Her attitude toward treatment only three months prior to the termination hearing was solidified when she stated to the visitation supervisor that she planned to "continue smoking weed because she enjoyed it." K.M. is in the custody of his paternal grandmother who has offered a permanent placement. K.M., who is reported to be a very bright child, is comfortable in this home. Based on our independent review of the evidence, we find termination of the mother's parental rights is in K.M.'s best interest.

### D. Statutory Exceptions.

Finally, the mother contends termination should be avoided under one of the exceptions set forth in section 232.116(3). Specifically, she argues two exceptions apply in that a relative has legal custody of the child and the bond between herself and the child should preclude termination.

Under the most recent dispositional order, custody of K.M. was with his paternal grandmother. However, given K.M.'s age, we do not find that this temporary arrangement should prevent a termination of parental rights. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (noting child's young age when concluding the parent-child bond did not weigh against termination). We decline to apply this permissive exception located in Iowa Code section 232.116(3)(a).

Similarly, we decline to apply the second exception urged by the mother, which is the bond between mother and son should prevent termination, found in

Iowa Code section 232.116(3)(c). Such argument flies in the face of the mother's interactions with her son during the course of the underlying CINA proceedings. From late November 2019 through May 2020, the mother missed or canceled thirty-two supervised visits. On other occasions, she ended visits early. During a visit she terminated thirty minutes early, the mother advised the visitation supervisor "an hour is good enough." On another visit, the visitation supervisor reported the mother burned something in the presence of her child that had the distinctive odor of marijuana.

Following the filing of the petition for termination, the mother was advised she still had the right to exercise her visits with K. M. She responded, "I just don't see the point in it. Well, maybe for him, but it just doesn't make sense if they are taking him." On another occasion, she told her son during a visit to not have children because they would be taken from him. We find that any bond that existed has been lessened due to the mother's absence in her son's life and does not outweigh the child's need for permanency. The statutory time for termination has passed, and the K.M. should not be forced to wait longer. *See C.B.*, 611 N.W.2d at 495 ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency.").

## IV. CONCLUSION.

We find the mother received proper notice of the termination hearing, the statutory grounds relied on by the juvenile court were supported by clear and convincing evidence, termination is in K.M.'s best interest, and we decline to apply a permissive exception to termination.

**AFFIRMED.**